UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80114-RAR

**LUIS MOYA**,

    Plaintiff,

v.

**G.E.O. GROUP**, and
**FLORIDA DEPARTMENT OF CORRECTIONS**,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court on *sua sponte* review of the docket and Plaintiff's *pro se* civil rights Complaint under 42 U.S.C. § 1983, [ECF No. 1] ("Compl."). Plaintiff alleges that he was attacked by another inmate on January 25, 2023, at South Bay Correctional Facility, and now seeks compensatory and punitive damages from Defendants G.E.O. Group[1] and the Florida Department of Corrections for failing to implement "proper procedures" that would have prevented this attack. Compl. at 2, 4. Since the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, the Complaint is **DISMISSED**.

## LEGAL STANDARD

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* §

---

[1] G.E.O. Group is a private corporation that operates South Bay Correctional Facility on behalf of the Florida Department of Corrections. *See Wilkinson v. GEO Grp., Inc.*, 617 F. App'x 915, 916 (11th Cir. 2015).

1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint[] or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted[;]" or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Similarly, under § 1915(e)(2), "the court *shall* dismiss [a] case *at any time* if the court determines that . . . the action" fails for the same enumerated reasons articulated under § 1915A. *Id.* § 1915(e)(2)(B) (emphasis added).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

If a plaintiff fails to set forth a legally sufficient claim for relief, either because the complaint lacks sufficient factual support or because the complaint fails to comport with the appropriate procedural rules, its usefulness is substantially diminished. Still, a *pro se* litigant must generally "be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would

be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

The gravamen of Plaintiff's Complaint is that he was attacked because Defendants do not have common-sense policies meant to keep inmates from dangerously congregating together. *See* Compl. at 5 ("I am positive that the attack on me would of not [sic] of happen that morning if each wing was to be released one at a time and not thrown into a close confined area."). This problem was further exacerbated, Plaintiff says, because only one "T.A." supervised this congregation of prisoners even though "T.A.s are never to be left alone with inmates without a sergeant or other high ranking official." *Id.* at 4–5. Since Plaintiff is alleging that Defendants' policy (or lack thereof) caused him to be attacked by another inmate, the Court construes the Complaint as raising a deliberate indifference to safety claim. To make his *prima facie* case, Plaintiff must show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (internal citation omitted).

To begin, the Court will dismiss Defendant Florida Department of Corrections from this suit since it is immune from being sued for damages. "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Eleventh Amendment immunity applies to "state agencies and other arms of the state." *Cassady v. Hall*, 892 F.3d 1150, 1153 (11th Cir. 2018). As a state agency, the Florida Department of Corrections "is not amenable to suit" under the Eleventh Amendment. *Leonard v. Dep't of Corr.*, 232 F. App'x 892, 894 (11th Cir. 2007). Here, Plaintiff seeks $200,000.00 from the Florida Department of Corrections and does not request any form of declaratory or injunctive relief. Compl. at 2. Since the Eleventh Amendment bars

Plaintiff from seeking damages from the Florida Department of Corrections, the Court must **DISMISS** his claim against the Department. *See* 28 U.S.C. § 1915A(b)(2).

G.E.O. Group is a private entity that operates a prison, so it is "perform[ing] a function traditionally within the exclusive prerogative of the state" and acts as "the functional equivalent of a municipality." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997); *see also, e.g.*, *Williams v. GEO Grp., Inc.*, No. 23-CV-81157, 2024 WL 363788, at *2 (S.D. Fla. Jan. 12, 2024) ("When a private company like GEO contracts with the state to perform a function traditionally performed by the state, the private company acts under color of state law and may become liable under § 1983."), *report and recommendation adopted*, 2024 WL 361267 (S.D. Fla. Jan. 31, 2024).[2] To establish municipal liability, Plaintiff must either: "(1) identify[ ] an official policy; (2) identify[ ] an unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law; or (3) identify[ ] a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional rights." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 48 F.4th 1222, 1229 (11th Cir. 2022).

The Court finds that Plaintiff has failed to state a claim against G.E.O. Group for two reasons. First, he has not demonstrated the existence of a policy or custom that would impose liability on G.E.O. Group. According to Plaintiff, Defendant should have never released all five "wings" of the prison into a hallway while "waiting for the days [sic] callouts" nor should those inmates have been supervised with just one "T.A." and without "a sergeant or any [other] high

---

[2] Although G.E.O. Group is performing a traditional state function, the Court cannot say at this juncture that it is immune from suit under the Eleventh Amendment. The Eleventh Amendment is designed to "protect a state's treasury," and there is no indication that the State of Florida would have to foot the bill if G.E.O. Group was liable for Plaintiff's alleged injuries. *Lee v. Centurion of Fla., LLC*, No. 19-CV-210, 2020 WL 13845102, at *3–4 (N.D. Fla. July 21, 2020); *see also Palazon v. Fla. Dep't of Corr.*, No. 05-CV-14224, 2006 WL 8434327, at *2 (S.D. Fla. Mar. 29, 2006) (finding that a "prison health care provider under contract with [the State]" was not entitled to Eleventh Amendment immunity).

ranking official." Compl. at 4–5. However, Plaintiff cannot rely on "[p]roof of a single incident of unconstitutional activity" to impose municipal liability on G.E.O. Group. *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985); *see also Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) ("A pattern of similar constitutional violations is ordinarily necessary [to impose liability]." (cleaned up)). As far as the Court can tell, this specific incident—where all five wings of the prison were released while the inmates were being supervised by only one "T.A."—only happened on this one occasion, so Plaintiff cannot say that the unfortunate circumstances leading to his injury were caused by Defendant's unconstitutional policy or custom. *See Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986) ("Normally random acts or isolated incidents are insufficient to establish a custom or policy.").[3] Since there is no evidence that Defendant has an unconstitutional custom or policy that caused Plaintiff's injuries, Plaintiff has failed to show that Defendant can be held liable.

Second, even if Plaintiff could prove the existence of a relevant policy or custom, he has still failed to show that Defendant was deliberately indifferent to his safety. "Prisons and jails are inherently dangerous places." *Nelson v. Tompkins*, 89 F.4th 1289, 1306 (11th Cir. 2024) (Ed Carnes, J., concurring). The Supreme Court has recognized this, holding that not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A defendant will only exhibit deliberate indifference to an inmate's safety if it is "subjectively aware"

---

[3] Although Plaintiff alleges that he was "attacked years ago" by another inmate, he does not say whether the same "policy or custom" that he complains about in the instant case was the cause of this previous incident. Compl. at 4. Even if the circumstances were similar, the Court would not find the existence of a "pattern of similar constitutional violations" based on two separate attacks that occurred years apart from one another. *Craig*, 643 F.3d at 1310.

of a substantial risk of serious harm and it "does not respond reasonably to the risk." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (internal quotation marks omitted). Although a prison must be sure that inmates are "reasonably protected from constant threat of violence and sexual assault by [fellow] inmates," an "occasional, isolated attack[ ] by one prisoner" does not rise to the level of a constitutional violation. *Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1320 (11th Cir. 2005) (quoting *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973)). This is especially true when prison officials could not have had foreknowledge of an isolated attack, such as when there is a "random act of violence." *Davis v. Broward Cnty. Main Jail*, No. 22-CV-62133, 2023 WL 158169, at *3 (S.D. Fla. Jan. 11, 2023) (citing *James v. Milwaukee Cnty.*, 956 F.2d 696, 700 (7th Cir. 1992)).

Plaintiff admits that his injury was caused by an unidentified inmate randomly slashing him with a knife. *See* Compl. at 4 ("I felt something hit my head and a sharp pain. Blood started falling down my face. I look up [sic] and saw an inmate walking away looking at me and he had a knife in his hand."). Although it is unacceptable that Plaintiff was attacked by another inmate, the random and unpredictable nature of this attack does not mean that Defendant is running a prison "where violence and terror reign[.]" *Purcell*, 400 F.3d at 1320. Plaintiff has not shown that Defendant was "aware of facts . . . that a substantial risk of harm exists" or that it "responded to the known risk in an unreasonable manner," so he has failed to state a claim of deliberate indifference against Defendant. *Marbury*, 936 F.3d at 1233. Given the unpredictable nature of the attack, the Court finds that it would be futile to grant Plaintiff an additional opportunity to amend since it would be impossible for Plaintiff to state a deliberate indifference claim against G.E.O. Group. A defendant cannot be liable under § 1983 for failing to stop an isolated and random attack. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

One final point. Even if Plaintiff had stated a claim, the Court would still dismiss this action since Plaintiff neither paid the filing fee nor filed a motion to proceed *in forma pauperis*. *See generally* Docket. The Court would not normally do this since a *pro se* party should be given the opportunity to comply with the Court's filing fee requirements before his case is dismissed. *See Czetli v. Sec'y, DOC*, 212 F. App'x 879, 881 (11th Cir. 2006) ("Thus, the district court abused its discretion by dismissing Czetli's petition without first giving him notice and an opportunity to pay the filing fee or file the required documentation to proceed IFP."). However, Plaintiff filed an identical action in this Court less than two months ago where he also failed to pay the filing fee or file a motion to proceed *in forma pauperis*. *See* Complaint, *Moya v. Fla. Dep't of Corr.*, No. 23-CV-81542 (S.D. Fla. Dec. 7, 2023), ECF No. 1. In that case, U.S. District Judge Robin L. Rosenberg explained to Plaintiff that, to bring a civil action in this Court, he must "pay the . . . filing fee or file a motion to proceed *in forma pauperis*" and warned Plaintiff that his failure to do so by January 19, 2024, "will result in dismissal of this case." Order to Pay Filing Fee, *Moya v. Fla. Dep't of Corr.*, No. 23-CV-81542 (S.D. Fla. Dec. 18, 2023), ECF No. 3 at 2. Plaintiff did not comply with Judge Rosenberg's instructions and, true to her warning, she dismissed his case under FED. R. CIV. P. 41(b) for "failure to comply with the Court's order." Order to Dismiss, *Moya v. Fla. Dep't of Corr.*, No. 23-CV-81542 (S.D. Fla. Jan. 31, 2024), ECF No. 4 at 1.

Judge Rosenberg placed Plaintiff "on actual notice of the consequences" of not paying the filing fee or filing a motion to proceed *in forma pauperis*. *Czetli*, 212 F. App'x at 881. Despite this warning, Plaintiff did not comply with Judge Rosenberg's order in his previous case and did not pay the filing fee or file a motion to proceed *in forma pauperis* in this case—despite being told by Judge Rosenberg that this was a <u>mandatory</u> precondition for filing a civil action in this Court. In light of Judge Rosenberg's prior warning to Plaintiff, the Court finds that Plaintiff's failure to

pay the filing fee in this case was done in willful disregard of the Court's prior order and cannot be attributed to an honest mistake brought upon by a *pro se* litigant's ignorance of the law and this Court's rules and procedures. Accordingly, dismissal is also appropriate under FED. R. CIV. P. 41(b).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Complaint, [ECF No. 1], is **DISMISSED** for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b). All pending motions are **DENIED** as moot. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of February, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**